**Todd P. BROWN, Plaintiff,**

v.

**GLOBE UNION, a DIVISION OF JOHNSON CONTROLS, INC., Defendant.**

Civ. A. No. 86–K–957.

United States District Court, D. Colorado

June 23, 1987.

---

Howard J. Beck & Kimberle E. O'Brien, Beck & Cassinis, Aurora, Colo., for plaintiff.

Warren B. Bosch & Patricia A. Pritchard, Breit, Best, Richman and Bosch, P.C., Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This is a diversity-based product liability action. Plaintiff, a Colorado resident, was employed by Sigma Geoservices, a Texas corporation authorized to do business in Colorado. Second Amended Complaint, ¶ 4. Sigma maintains its principal place of business in Englewood, Colorado. Plaintiff's Brief in Support of Response to Defendant's Motion for Summary Judgment, at 1. Plaintiff was employed out of the Englewood office. *Id.*, at 1–2.

In August 1983, plaintiff was performing a temporary two-month job for Sigma in Kansas. *Id.* at 2. Sigma controlled a pickup truck which plaintiff used on the job. On August 2, 1983, plaintiff was working under the hood of the truck when the battery exploded in his face. Second Amended Complaint, ¶ 7. The battery was manufactured by defendant. *Id.*, 13; Plaintiff's Response Brief at 2. It was sold and installed in Ohio. Plaintiff's Response Brief at 8.

Plaintiff's second amended complaint states four claims for relief: strict liability, negligence, breach of express warranty, and breach of implied warranty. The case is before me now on defendant's motion for summary judgment.

Defendant argues that under Colorado's borrowing statute, Colo.Rev.Stat. § 13–80–

118, the Kansas statute of limitations must be applied in this case. Under Kansas law, this action would be barred because a two year limitations period applies to all four of the claims alleged in the second amended complaint.

Plaintiff does not contest defendant's interpretation of Kansas law. Plaintiff's Response Brief, at 4. Plaintiff contends, however, that this case is not governed by § 13–80–118:

The plaintiff concedes that as of August 1983, Colorado's "borrowing statute," C.R.S. § 13–80–118 (1973), was in effect. In 1984, however, Colorado adopted the Uniform Conflict of Laws-Limitations Act, C.R.S. § 13–82–101, *et seq.* In adopting the Uniform Conflict of Laws-Limitations Act, the Colorado legislature expressly repealed C.R.S. § 13–80–118 (1973). See L. 84, p. 478, § 2, effective July 1, 1984.

Plaintiff then invokes Colo.Rev.Stat. § 13–82–104(1)(b), a provision of the Uniform Conflicts of Laws-Limitations Act. The remainder of plaintiff's lengthy brief rests on the assumption that § 13–82–104(1)(b) governs this action.

Plaintiff is correct in noting that at the time plaintiff filed this lawsuit on May 7, 1986, § 13–80–118 had been repealed. The repeal was effective July 1, 1984. Act of March 26, 1984, ch. 113, § 3, 1984 Colo. Session Laws 477,478. Defendant does not contend I should apply the law now as it existed on August 2, 1983, rather than apply the law as it now exists. "[A] court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary." *Bradley v. Richmond School Board,* 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974), quoting Mr. Chief Justice Marshall in *United States v. Schooner Peggy,* 1 Cranch 103, 2 L.Ed. 49 (1801). Since § 13–80–118 is not now in effect, I will not apply it.[1]

---

1. Nor do I apply existing law either. The old § 13–80–118 was reenacted in substantially identical form as the new § 13–80–110 on May

23, 1986. Act of May 23, 1986, ch. 114, § 1, 1986 Colo. Session Laws 695,700. By statutory direction, however, the new § 13–80–110 did

It does not inexorably follow, however, that in the absence of § 13–80–118, § 13–82–104(1)(b) is applicable to the instant controversy. On its face that statute only applies to situations where a claim is substantively based "upon the law of more than one state." The statute does not apply to situations, such as the one at bar, where a claim is based on the law of one state, but a question exists under conflict of laws principles as to which state's law should apply.

This interpretation of the meaning of § 13–82–104(1)(b) finds direct support in the comment of the drafters of the Uniform Conflict of Laws-Limitations act.[2] In pertinent part, that comment states:

> This act does not lay down general conflict of laws rules to govern an adopting state's choice of law. Each enacting state will have its own choice-of-law, its own conflict of laws law, as each state does now.... This act.... provides that the enacting state, as forum, will apply its own conflicts of law, whatever it may be, to select the substantive law that governs the litigated claim. *If different issues involved in a single claim are found to be governed by the substantive laws of different states, the governing limitations law will be that of the one of those two or more states chosen by the conflicts law of the forum, or enacting, state.* Thus the forum state's own conflicts law will always choose the limitations law that is substantively governing.

(Emphasis added.)

This case does not involve different issues in a single claim found to be governed by the substantive laws of different states. Plaintiff does not contend the law of two or more states will govern one or more of the four different claims which comprise his second amended complaint. Nor does he aver the law of two or more states will govern any different issues involved in any one or more of the four claims raised in that complaint. Rather, plaintiff merely asserts that as between various competing states, the law of Colorado should govern his entire second amended complaint. This asseveration poses a standard conflicts of law question. Section 13–82–104(1)(b) has no application.

 A federal court sitting in diversity must apply the conflicts of law rules of the state in which it sits. *Klaxon Co. v. Stentor Manufacturing Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941). Colorado has adopted the most significant relationship test. *First National Bank in Fort Collins v. Rostek,* 182 Colo. 437, 514 P.2d 314 (1973). I find that under this test, Colorado enjoys the most significant relationship with the instant controversy. Plaintiff was a Colorado resident injured on the job while working for a Colorado employer. This lawsuit was filed in Colorado, and the employer was originally joined as a defendant in addition to Globe Union. Plaintiff possesses a Colorado driver's license and was insured by his employer in Colorado. Plaintiff's Response Brief at 2. Despite plaintiff's unorthodox mode of rationale, I find Colorado law applies. *See Conlin v. Hutcheon,* 560 F.Supp. 934 (D.Colo.1983).

Accordingly, IT IS ORDERED that defendant's motion for summary judgment is denied.

---

not become effective until July 1, 1986, and it applies only to claims for relief arising on or after that date. *Id.,* § 23, 1986 Colo. Session Laws at 706. This action was filed on May 7, 1986, and so safely precedes the new statute. This case falls within the window period between repeal and arguable subsequent reenactment. In making this point, I am assuming, without deciding, that the old § 13–80–118 or the new § 13–80–110 would prove detrimental to plaintiff's case. If neither statute were to have any debilitating impact, then there would be no need to express concern over either one.

**2.** I look to the comments of the uniform act's drafters because the 1986 cumulative supplement pocketpart to Title 13 of the Colorado Revised Statutes is bereft of case annotations on implementation of the uniform act in Colorado.