Charisma REDDING and Nephaterie Redding, Defendants Below, Appellants,

v.

Vladimir ORTEGA, Jr., Plaintiff Below, Appellee.

No. 682,2002.

Supreme Court of Delaware.

Submitted: Sept. 9, 2003.
Decided: Dec. 18, 2003.

---

Gary S. Nitsche, of Weik, Nitsche & Dougherty, Wilmington, DE, for appellants.

Thomas S. Bouchelle, Newark, DE, for appellee.

Before VEASEY, Chief Justice, HOLLAND and STEELE, Justices.

HOLLAND, Justice:

This is an appeal from final judgments that were entered in the Superior Court. The plaintiffs-appellants, Charisma Redding and Nephaterie Redding, filed suit against the defendant-appellee, Vladimir Ortega, Jr., for personal injuries sustained as a result of a motor vehicle collision. The Reddings moved for a default judgment after Ortega failed to answer or otherwise plead. An inquisition hearing was held to determine the amount of the Reddings' damages, including medical expenses.

The Superior Court held that the medical expenses sought by the plaintiffs were inadmissible pursuant to Del.Code Ann. tit. 21, § 2118(h). Therefore, the Superior Court held that the Reddings were precluded from introducing those medical expenses into evidence at the inquisition hearing. Based upon its review of the other evidence presented, and excluding the Reddings' medical expenses, the Superior Court entered judgment for Charisma Redding in the amount of $17,000 and judgment for Nephaterie Redding in the

amount of $15,000. The Reddings are aggrieved parties who have standing to appeal, notwithstanding the entry of final judgments in their favor, because they did not receive all of the relief that they requested.[1]

The only issue raised on appeal is whether the Superior Court properly ruled that the Reddings' medical expenses were inadmissible pursuant to Del.Code Ann. tit. 21, § 2118(h). The Reddings' argue that section 2118 prohibits the introduction of medical bills only for those damages that are payable pursuant to a Delaware no-fault automobile policy. The Reddings' submit that the statutory prohibition in section 2118 is not applicable in this case because, since there was no Delaware no-fault insurance coverage.

We have concluded that the Reddings' position is meritorious. To the extent that the judgments of the Superior Court denied recovery of the Reddings' medical expenses they must be reversed.

### Facts

On February 14, 2001, Nephaterie and Charisma Redding were driving a motor vehicle that Nephaterie had borrowed from a friend. Unknown to the Reddings, that vehicle had no automobile insurance. The Reddings also had no Delaware automobile insurance of their own.

The vehicle occupied by the Reddings was hit by another vehicle being driven by Vladimir Ortega, Jr. There is evidence that the impact was significant. As a result of Ortega's negligence, the Reddings suffered injuries resulting in aggregated medical expenditures of $23,688.50.

The Reddings testified as to their medical expenses. Charisma Redding had outstanding medical bills in the amount of $14,493. Nephaterie Redding had outstanding medical bills of $9,195.50. They further testified that these expenses were not covered under any Delaware automobile insurance policy. Ortega objected to that testimony on the ground that evidence of medical expenses was barred under Del. Code Ann. tit. 21, § 2118(h). The Superior Court sustained Ortega's objection and excluded the evidence.

### Evidentiary Prohibition
### Delaware's No–Fault Insurance Statute

Del.Code Ann. tit. 21, § 2118(h) provides that "[a]ny person eligible for [insurance] benefits described in paragraph (2) or (3) of subsection (a) of this section,[2] other than an insurer in an action brought pursuant to subsection (g) of this section,[3] is precluded from pleading or introducing into evidence in an action for damages against a tortfeasor those damages for which compensation is available under paragraph (2) or (3) of subsection (a) of this section without regard to . . . whether or not such benefits are actually recoverable." Under this subsection, two questions must be answered to determine whether the evidentiary prohibition applies: first, is the plaintiff a "person eligible for benefits" for the purposes of section 2118(h); and second, does the evidence sought to be admitted relate to injuries "for which compensation

---

1. *Forney v. Apfel*, 524 U.S. 266, 271, 118 S.Ct. 1984, 141 L.Ed.2d 269 (1998).

2. Paragraphs (2) and (3) of subsection (a) define all aspects of the required insurance for a vehicle registered in Delaware, other than coverage for damage done to the insured's vehicle, which is discussed in para-

graph (4), and indemnity coverage, which is discussed in paragraph (1). Del.Code Ann. tit. 21, § 2118(a).

3. Paragraph (g) provides for subordination of the plaintiff's rights by his insurance company. Del.Code Ann. tit. 21, § 2118(g).

is available under paragraph (2) or (3) of subsection (a)" of section 2118.

For the evidence to be barred, the answers to both questions must be affirmative. It is undisputed that the damages alleged in this case fall within the type that are normally covered by either paragraph (2) or (3) of subsection (a). Thus, the dispositive issue is whether the Reddings are "person[s] eligible for benefits" for the purposes of Del.Code Ann. tit. 21, § 2118(h).

The seminal case for determining whether an individual is a "person eligible" is *Read v. Hoffecker*,[4] in which this Court adopted the standard set forth in *Deel v. Rizak*.[5] In *Hoffecker*, we held that "person eligible" means "any person within the class of persons to whom the statutorily required no-fault insurance coverage extends."[6] This includes three distinct groups of people:

(1) All persons who are injured while "occupying" a motor vehicle which is registered and insured in Delaware. Del.Code Ann. tit. 21, § 2118(a)(2)(c).

(2) All persons who are the named insureds of a Delaware motor vehicle insurance policy or are members of the named insured's household and

    a. are injured while occupying any registered motor vehicle other than a Delaware insured vehicle; or

    b. are struck while a pedestrian by any vehicle other than a Delaware insured motor vehicle. Del.Code Ann. tit. 21, § 2118(a)(2)(d).

(3) All pedestrians who are struck in Delaware by a motor vehicle registered and insured in Delaware. Del. Code Ann. tit. 21, § 2118(a)(2)(e).[7]

### *Evidentiary Prohibition Inapplicable to Uninsureds*

■ The question presented by this case is whether plaintiffs who are not covered by *any* Delaware automobile insurance policies are subject to the evidentiary prohibition of Del.Code Ann. tit. 21, § 2118(h)—which prevents automobile accident plaintiffs to whom "statutorily required [no-fault insurance] coverage extends"[8] from "pleading or introducing into evidence ... those damages for which" compensatory insurance is required by law[9] "without regard to ... whether or not such benefits are actually recoverable."[10] In *Santana v. Korup*,[11] the Superior Court considered exactly the same issue, *i.e.,* "whether an injured plaintiff *who is uninsured* is precluded from pleading

---

4. *Read v. Hoffecker,* 616 A.2d 835 (Del.1992).

5. *Deel v. Rizak,* 474 F.Supp. 45, 46 (D.Del. 1979) (federal court interpreting Delaware law).

6. *Read v. Hoffecker,* 616 A.2d at 837 (internal quotation marks omitted).

7. *Id.* at 837 (citing an analysis from *Deel,* concluding that the analysis was "entirely correct," and adopting it "in its entirety").

8. *Read v. Hoffecker,* 616 A.2d 835, 837 (Del. 1992) (construing Del.Code Ann. tit. 21, § 2118(h)) (alteration in original) (internal quotation marks omitted).

9. This required compensatory insurance is defined in Del.Code Ann. tit. 21, § 2118(a)(2), (a)(3). However, excluded from the Del.Code Ann. tit. 21, § 2118(h) rule are (1) insurance covering damage done to the insured's vehicle involved in the accident, to the extent required under Del.Code Ann. tit. 21, § 2118(a)(4), and (2) indemnity insurance, required under section 2118(a)(1). *See* Del. Code Ann. tit. 21, § 2118(h).

10. Del.Code Ann. tit. 21, § 2118(h).

11. *Santana v. Korup,* 1978 WL 181864 (Del.Super.1978).

[damages described in paragraph (2) or (3) of subsection (a) of section 2118] by the operation of Del.Code Ann. tit. 21, § 2118(h) of Delaware's 'no-fault' insurance law." [12] The *Santana* court held that a plaintiff who has no insurance cannot be " 'eligible' to receive the insurance benefits referred to in § 2118(g) . . . ." [13] We agree.

The statutory definition of the term "eligible person" is satisfied only if (1) an insurance policy exists, (2) the insurance under the policy is required by the Delaware no-fault statute, and (3) the insurance coverage extends to the plaintiff. This Court has repeatedly held that "the statutory objective of Section 2118[is] to enable [eligible] persons who have been injured in automobile accidents to receive from their own insurance carriers the economic benefit of immediate payment without awaiting protracted litigation." [14] When the plaintiff is not eligible to recover no fault damages from an insurance carrier under a Delaware automobile policy, the only recourse is to recover those damages in an action at common law against the tortfeasor.

Under the circumstances of this case, an application of the evidentiary restriction in section 2118(h) would result in punishment for innocent plaintiffs who cannot recover under a Delaware no-fault automobile policy and in a windfall for an otherwise liable tortfeasor. Neither of those results is consistent with the statutory framework enacted by the General Assembly. First, the penalties for not having statutorily-mandated insurance are specific and do not include forfeiting the right to recover monetary damages from a tortfeasor. [15] Second, the no-fault statute does not provide protection for a tortfeasor when the mandatory no-fault coverage is extant. [16] Accordingly, we hold that section 2118(h)'s evidentiary restriction does not apply in actions against tortfeasors by plaintiffs who are not eligible for benefits under a statutorily required Delaware automobile policy.

### Conclusion

The judgments of the Superior Court are reversed, but only to the extent that the Reddings were precluded from introducing their medical expenses into evidence. This matter is remanded for further proceedings in accordance with this opinion.

---

**12.** *Id.* at *1 (emphasis in original).

**13.** *Id.*

**14.** *Crum & Forster Ins. Group v. Wright*, 634 A.2d 373, 376 (Del.1993) (internal quotation marks omitted); *see also National Union Fire Ins. Co. of Pittsburgh v. Fisher*, 692 A.2d 892, 895–96 (Del.1997).

**15.** Del.Code Ann. tit. 21, § 2118(s)(1).

**16.** Under the scheme enacted in section 2118, an insured motorist cannot recover from the tortfeasor who injures her, but her insurance company can. Subsection (h) specifically does not apply to an "insurer in an action brought pursuant to subsection (g)," and subsection (g) provides that "[i]nsurers providing benefits . . . shall be subrogated to the rights . . . of the person for whom benefits are provided, to the extent of the benefits so provided." Thus, under the statutory scheme, the injured plaintiff is able to recover from her insurance company, while her insurance company is able to recover from the tortfeasor "to the extent of the benefits . . . provided." Del. Code Ann. tit. 21, § 2118.