Carole Belle DEEL, Individually and as next friend of Lisa Michelle Deel, Plaintiffs,

v.

Elise M. RIZAK, a minor, and Michael J. Rizak, jointly and severally, Defendants.

Civ. A. No. 78–249.

United States District Court, D. Delaware.

March 7, 1979.

Bernard A. van Ogtrop of Cooch & Taylor, Wilmington, Del., for plaintiffs.

Wayne N. Elliott, of Prickett, Ward, Burt & Sanders, Wilmington, Del., for defendants.

## MEMORANDUM

LATCHUM, Chief Judge.

Plaintiffs[1] have brought this civil action, based on diversity of citizenship, against the defendants[2] seeking to recover damages for injuries they allegedly sustained when an automobile driven in an allegedly negligent manner by Elise M. Rizak collided with plaintiffs' automobile in Newark, Delaware, on July 7, 1976.

The defendants, pointing to the Delaware no-fault insurance statute, have asserted an affirmative defense that the plaintiffs may not recover special damages from defendants. *See*, 21 *Del.C.* § 2118. (Docket Item 1, par. 12). The parties have moved the Court for a pre-trial ruling on this issue.

Title 21 *Del.C.* § 2118(g) provides that a person eligible for no-fault insurance benefits as defined in § 2118(a)(2) and (3) is precluded from pleading or introducing evidence, in an action for damages against a tort-feasor, of those damages "for which compensation" to that person "is available under [§ 2118(a)(2) or (3)]" whether or not such benefits are actually recovered. *DeVincentis v. Maryland Casualty Co.*, 325 A.2d 610, 611 (Del.Super.1974). The question raised, therefore, is whether the plaintiffs here are eligible for the benefits under Delaware's no-fault insurance provisions described in § 2118(a)(2) and (3). If not, they are not barred from introducing evidence of their special damages against the alleged defendant tort-feasors in this case.

■ While the term "eligible" as used in the statute is somewhat ambiguous, the Court concludes that a person is eligible under the statute if he is within the class of persons to whom the statutorily required coverage extends. The class is composed of the following groups:

(1) All persons who are injured while "occupying" a motor vehicle which is registered and insured in Delaware. 21 *Del.C.* § 2118(a)(2)c.

(2) All persons who are the named insureds of a Delaware motor vehicle insurance policy or are members of the named insured's household and

   (a) are injured while occupying any registered motor vehicle other than a Delaware insured vehicle; or

   (b) are struck while a pedestrian by any vehicle other than a Delaware insured motor vehicle.

   21 *Del.C.* § 2118(a)(2)d.

(3) All pedestrians who are struck in Delaware by a motor vehicle registered and insured in Delaware. 21 *Del.C.* § 2118(a)(2)e.

■ The plaintiffs here are not persons eligible within any of the above groups. The record indicates that the plaintiffs were allegedly injured while they were "occupying" a motor vehicle (Docket Item 1, par. 7; Docket Item 17, par. 12), and thus they are not within group 2(b) or (3) above which are composed of "pedestrians." The record also clearly indicates that the automobile that the plaintiffs were "occupying" at the time of the accident was neither

---

[1]. The plaintiffs are Carole Belle Deel, the operator of the automobile and her minor daughter, Lisa Michelle Deel, a passenger in that vehicle; both plaintiffs are citizens and residents of the State of Maryland (Docket Item 1, pars. 2 & 4); the automobile in which they were riding was registered in the State of Maryland (Docket Item 19, par. 33).

[2]. The defendants are Elise M. Rizak, a minor under 18 years of age and the operator of her vehicle, and her father Michael Rizak, the owner of the automobile, who is allegedly liable by virtue of 21 *Del.C.* §§ 6105 & 6106 (Docket Item 1, par. 5). Both defendants are citizens of Delaware.

registered in Delaware nor insured under the Delaware no-fault insurance provisions. (Docket Item 21, pp. 26–27; Docket Item 19, pars. 32, 33, 38, 42). Hence, they are not within group (1) above. Finally, the record reveals that neither plaintiff is a named insured under a Delaware motor vehicle no-fault policy nor a member of such a named insured's household (Docket Item 19, pars. 25, 32, 33, 38, 42); therefore, they are not within group 2(a) above.

Consequently, since the plaintiffs are not within the class of persons to whom the no-fault coverage extends, they are not "eligible" for the benefits described in § 2118(a)(2) and (3) and they are, therefore, not precluded by § 2118(g) from introducing into evidence in this case the special damages which they allegedly sustained as a result of defendants' alleged negligence.

▪ The defendants argue, however, that § 2118(j) operates by implication to make the plaintiffs "eligible" for no-fault benefits under § 2118(a)(2) and (3). Subsection (j) reads, in part, as follows:

> Every insurance company authorized to transact the business of motor vehicle liability insurance in this State shall file with the Insurance Commissioner as a condition of continued transaction of such business with this State a form approved by the Insurance Commissioner stating that its motor vehicle liability policies, *wherever issued, shall be deemed to provide the insurance required by this section when the vehicle is operated in this State.* A nonadmitted insurer may file such a form. [Emphasis added].

The defendants contend that this section requires all insurance companies, which are authorized to transact the business of issuing motor vehicle liability insurance in Delaware, to pay benefits in accordance with the no-fault provisions of § 2118(a)(2) and (3) when a motor vehicle which is registered in any state or county outside of Delaware, but insured by them, happens to be involved in an accident while "operating" in Dela-

ware. The Court agrees that subsection (j) could be so interpreted if the words "operated in this State" were read literally and out-of-context with the remaining no-fault insurance provisions. Such a literal reading, however, is unacceptable for two reasons.

The first reason for rejecting the defendants' construction of subsection (j) is the fact that such a reading would produce an unreasonable result. If subsection (j) were read as the defendants urge it would in effect require every insurance company authorized to transact the business of motor vehicle liability insurance in Delaware, to make a world-wide adjustment of its insurance premiums in order to take into account the likelihood that it might be required to pay benefits in accord with § 2118(a)(2) and (3) since any non-Delaware registered vehicle which it insured might possibly be involved in an accident while passing through Delaware. Such a result would clearly be unreasonable, if not economically absurd, and the Court therefore concludes that the defendants' reading of subsection (j) is presumptively invalid. *See C. v. C.*, 320 A.2d 717, 722 (Del.Sup.1974); *Nationwide Mutual Insur. Co. v. Krongold*, 318 A.2d 606, 608–609 (Del.Sup.1974).

There is a second reason for rejecting the defendants' reading of subsection (j) as an "eligibility" provision. Subsection (j) was added to the Delaware No-Fault statute in March of 1976. *See* House Bill No. 808, Laws of Del., Vol. 60, Chap. 337 (1976). At that time the statute already had three express eligibility provisions all of which were a part of subsection (a)(2). *See,* 21 *Del.C.* § 2118(a)(2)c, d, and e. It reasonably can be assumed, therefore, that if the legislature had intended subsection (j) to be an eligibility provision when it was adopted, it would simply have amended § 2118(a)(2)c, d and e. It did not, however, choose to do so.[3] Instead it adopted (j) as a totally separate subsection.

---

**3.** This assumption is supported by the fact that the Delaware legislature had changed the eligibility provisions on at least one prior occasion by simply amending subsection (a)(2). *See* Senate Bill No. 525, Laws of Del., Vol. 59, Chap. 574 (1974).

In addition, the language used in subsection (j) is totally different from the language used in the three eligibility provisions. All three of the eligibility provisions specifically provide that the benefits described in subsection (a)(2) shall be available to certain classes of people. Subsection (j) on the other hand does not expressly refer to any class of persons. Instead it provides that certain insurance companies shall be required to file a form with the State of Delaware. Based on these factors the Court concludes that subsection (j) was not intended by the Delaware legislature to be an eligibility provision. To hold otherwise would violate the basic principle of construction that a statute is to be interpreted in accordance with an already established statutory scheme unless there is a clearly expressed intention to alter the scheme. *Graffagnino v. Amoco Chemical Co.*, 389 A.2d 1302, 1303 (Del.Sup.1978); and the principle that amendments to existing statutes by implication are not favored. *Wilmington Housing Authority v. Greater St. John the Baptist Church*, 291 A.2d 282, 285 (Del.Sup.1972). Thus, in the absence of an express provision to the contrary, this Court concludes that the words "when the vehicle is operated in this State" as it appears in subsection (j) were not intended to alter the express provisions for eligibility which were so clearly stated in the pre-existing provisions of § 2118(a)(2)c, d and e.

■ Having rejected defendants' reading of subsection (j), the Court must now construe its language within the context of the entire no-fault law. Under subparagraph 4 of subsection (j), every insurance company duly authorized to transact business in Delaware is required to provide with each insurance policy issued an "insurance identification card" for the vehicle insured. Such an identification card is to be issued for each *"vehicle required to be registered under this title"* and shall at all times, *"while the vehicle is being operated upon a highway in this State*, be in the possession of the operator thereof or carried in the vehicle and shall be produced upon request." 21 *Del.C.* § 2118(j)(5). Consequently, considering all the subparagraphs of subsection (j),

the Court concludes that the language of (j) means that if an insurance company, which is authorized to issue motor vehicle liability policies in Delaware, issues such policies, outside of the State, on motor vehicles which are or intended to be registered and operated in Delaware, those policies shall be deemed to embody the benefits and conform to the requirements of § 2118(a)(2) and (3). As thus interpreted, subsection (j) would not make plaintiffs eligible for the benefits under Delaware's no-fault provisions and they are thus not precluded by § 2118(g) from introducing evidence at the trial of this action of their special damages.

The above pre-trial evidentiary ruling shall be binding upon the parties during the trial of this action and IT IS SO ORDERED.