## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOHN DEANE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. NO.: N17C-04-355 AML |
| | ) | |
| LIBERTY MUTUAL FIRE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: May 11, 2018
Decided: August 10, 2018

**On Plaintiff's Motion for Summary Judgment: DENIED**
**On Defendant's Motion for Summary Judgment: GRANTED**

**MEMORANDUM OPINION**

Patrick C. Gallagher, Esquire, of JACOBS & CRUMPLAR, PA, Wilmington, Delaware, Attorney for Plaintiff.

Daniel A. Griffith, Esquire, and Kaan Ekiner, Esquire, of WHITEFORD TAYLOR & PRESTON, LLP, Wilmington, Delaware, Attorneys for Defendant.

**LeGROW, J.**

This case arose after Plaintiff was injured in a motor vehicle accident that occurred in Delaware while he was driving a vehicle registered and insured in Georgia. Plaintiff recovered Personal Injury Protection ("PIP") benefits from his employer's Georgia-issued insurance policy with New Hampshire Insurance Company ("NHIC"). Plaintiff then sought PIP benefits through his personal insurer, Liberty Mutual Fire Insurance Company ("Liberty Mutual"). Liberty Mutual denied Plaintiff's claim, arguing an "anti-stacking clause" in Plaintiff's insurance policy prevents insureds from stacking PIP benefits paid under the Delaware Motorist Protection Act ("the Act"). Plaintiff argues the NHIC PIP benefits were not paid under the Act because his vehicle was registered and insured in Georgia. The issue before the Court is whether the Act requires a vehicle insured in a state with no minimum PIP coverage to carry insurance equivalent to Delaware's minimum PIP coverage while operating in Delaware and, if so, whether benefits paid under such coverage are subject to the insurance policy's anti-stacking provision. Because I find Georgia does not require PIP coverage, I conclude NHIC was required to pay Plaintiff Delaware's minimum PIP benefits under the Act, and the policy's anti-stacking provision therefore applies. My reasoning follows.

**FACTUAL AND PROCEDURAL BACKGROUND**

On April 23, 2011, John Deane ("Plaintiff") sustained personal injuries in a motor vehicle accident while driving a vehicle owned by his employer, Covidien PLC ("Covidien"). Covidien's vehicle was registered and insured in Georgia through NHIC, but included a Delaware PIP endorsement.[1] NHIC paid Plaintiff $15,000 in PIP benefits under its policy with Covidien to cover injuries Plaintiff sustained in the accident. When NHIC paid the benefits, it stated it was doing so under the "DE PIP Endorsement."[2]

At the time of the accident, Plaintiff personally was insured through Liberty Mutual. After receiving PIP benefits from NHIC, Plaintiff claimed additional PIP benefits from Liberty Mutual. Liberty Mutual denied Plaintiff's claim, arguing the insurance policy's anti-stacking provision prevented Plaintiff from seeking additional PIP benefits because he already received PIP benefits paid under the Delaware Motorist Protection Act ("the Act").[3] Plaintiff's insurance policy with Liberty Mutual provides, in relevant part:

> We will not provide Personal Injury Protection Coverage for "bodily injury" sustained by the named insured or any "family member" while . . . "occupying" . . . any "motor vehicle" other than "your covered auto" . . . with respect to which the insurance is required by the Delaware Motorist Protection Act is in effect.[4]

---

[1] Ex. A to Def.'s Suppl. Letter.
[2] Ex. E to Def.'s Mot. Summ. J. at 1.
[3] The Delaware Motorist Vehicle Act is the statutory name for 21 *Del. C.* § 2118.
[4] Ex. D to Def.'s Mot. Summ. J. at 3.

Liberty Mutual maintained that because the PIP benefits in effect in NHIC's insurance policy were required by (and paid under) the Act, Plaintiff could not stack them and receive double PIP recovery. On April 30, 2017, Plaintiff sued for declaratory judgment and breach of contract. After discovery, the parties filed cross-motions for summary judgment on the issue of whether Liberty Mutual's anti-stacking clause applies to Plaintiff's claim for PIP benefits.

## THE PARTIES' CONTENTIONS

Liberty Mutual argues the anti-stacking provision in the policy precludes Plaintiff from recovering PIP benefits under Liberty Mutual's policy because Delaware PIP benefits were available from NHIC. Liberty Mutual contends NHIC's PIP benefits were paid under Delaware law because the Act requires vehicles operating in Delaware to have the minimum insurance coverage required by the state in which the vehicle is registered or—if that state has no minimum coverage—to have coverage consistent with Delaware's minimum coverage. Because Georgia does not require minimum PIP coverage, Liberty Mutual asserts NHIC's policy had Delaware's minimum coverage in effect.

In response, Plaintiff argues the NHIC benefits were paid under Georgia law because the vehicle was registered in Georgia and insured by a Georgia policy. In support of his argument, Plaintiff cites this Court's opinion in *Gallaher v. USAA*,[5] arguing the Court held in that case that a similar anti-stacking provision did not

---

[5] 2005 WL 3062014 (Del. Super. Aug. 5, 2005).

3

apply to PIP benefits paid under insurance related to a vehicle registered and insured in Georgia.

**ANALYSIS**

"When opposing parties make cross motions for summary judgment, neither party's motion will be granted unless no genuine issue of material fact exists and one of the parties is entitled to judgment as a matter of law."[6] Where, however, the parties do not contend that a material factual issue precludes judgment as a matter of law, the Court "will treat the cross motions as a stipulation for decision of the case based on the submitted record."[7] Because the parties agree there are no material factual disputes concerning the issue of Plaintiff's coverage, the question presented is one of law and summary judgment therefore is appropriate.

In Delaware, contract interpretation is treated as a question of law.[8] "[W]hen the language of an insurance contract is clear and unequivocal, a party will be bound by its plain meaning . . . ."[9] A contract is not ambiguous simply because the parties disagree about its construction. Rather, a contract is ambiguous only when its' provisions fairly are susceptible to different interpretations or may have two different meanings. "Ambiguity does not exist where the court can determine the meaning of a contract 'without any other guide than a knowledge of

---

[6] *Emmons v. Hartford Underwriters Ins. Co.*, 697 A.2d 742, 745 (Del. 1997).
[7] *Gallaher*, 2005 WL 3062014, at *1.
[8] *Emmons*, 697 A.2d at 745.
[9] *Hallowell v. State Farm Mut. Auto. Ins. Co.*, 443 A.2d 925, 926 (Del. Super. 1982).

4

the simple facts on which, from the nature of language in general, its meaning depends.'"[10]

## A. The Act requires out-of-state vehicles operating in Delaware to carry insurance meeting Delaware's minimum coverage if the state in which the vehicle is registered does not mandate any PIP coverage.

During the hearing on the parties' motions, Plaintiff asked for an opportunity to submit supplemental briefing regarding the meaning of the Act and its effect on this case. In his supplemental submission, Plaintiff acknowledged the Act, specifically Section 2118(b), imposes criminal liability on an individual driving a vehicle that is required to be registered in Delaware but that does not carry the state's minimum insurance coverage. Plaintiff also argued, however, that Section 2118(b) does not apply to vehicles registered in other states. Although criminal liability is not at issue in this case, I address Plaintiff's argument because it challenges Section 2118(b)'s applicability to vehicles operating in Delaware but registered and insured in other states. In support of his argument, Plaintiff cites *Green v. Budget Rent A Car Corporation*,[11] where this Court concluded vehicles operating in Delaware, but registered and insured in another state, are not required to meet Delaware's minimum PIP requirements under Section 2118(b).[12]

---

[10] *Rhone-Poulenc Basic Chemicals Co. v. American Motorists Ins. Co.*, 616 A.2d 1192, 1196 (Del. 1992) (quoting *Holland v. Hannan*, 456 A.2d 807, 815 (D.C. Cir. 1983)).
[11] 857 A.2d 1031 (Del. Super. 2004).
[12] *Id.* at 1035.

In *Green*, the plaintiff was injured when he was struck by a rental car owned by Budget Rent-A-Car ("Budget").[13] The rental car was registered and insured in Pennsylvania, and the insurance policy met Pennsylvania's minimum coverage requirements.[14] The plaintiff argued he was entitled to Delaware's minimum PIP benefits under Section 2118(b).[15] The Court rejected the plaintiff's argument, citing the Delaware Supreme Court's decision in *Nationwide Insurance Company v. Battaglia*.[16] In *Battaglia*, the Delaware Supreme Court held that where the out-of-state vehicle is registered and insured in another state, Section 2118(b) "cannot be held to impose Delaware's minimum PIP insurance benefits requirement on the defendant."[17] In *Battaglia*, the vehicle was insured in Maryland, and carried Maryland's $2500 minimum PIP coverage, which was less than Delaware's $10,000 PIP coverage. The *Battaglia* Court held Section 2118 did not require the out-of-state vehicle to carry Delaware's higher coverage minimums.[18]

After the *Battaglia* decision, however, Section 2118(b) was amended in 1992 to add the following language, on which Liberty Mutual now relies:

> No owner of a motor vehicle being operated in this State
> shall operate in this State or authorize any other person to
> operate such vehicle in this State unless the owner has
> insurance on such motor vehicle equal to the minimum

---

[13] *Id.* at 1031.
[14] *Id.* at 1032.
[15] *Id.*
[16] 410 A.2d 1017 (Del. 1980).
[17] *Id.* at 1019.
[18] *Id.*

insurance required by the State or jurisdiction where said vehicle is registered. *If the State or jurisdiction of registration requires no minimum insurance coverage then such owner must have insurance on such motor vehicle equal to the minimum insurance coverage required for motor vehicles registered in this State*.[19]

In *Orija v. Verser*,[20] this Court noted the effect of the 1992 amendments on the continued precedential value of the *Battaglia* decision. The Court found "[s]ubsequent to these decisions, § 2118(b) was amended to add the insurance coverage provisions governing out-of-state vehicles which are at issue in this case."[21] The Court held Section 2118(b) unambiguously imposed Delaware's insurance minimums on out-of-state vehicles operating in Delaware if the state of registration had no minimum PIP coverage requirements. The Court reasoned:

> In interpreting a statute, the Court's role is to determine and give effect to the legislature's intent. Where that intent is clearly expressed by unambiguous language in the statue, the language itself controls. This Court finds that the pertinent portions of (b) are not ambiguous in requiring coverage equivalent to Delaware's minimums where the home state has no lower minimums. Legislative history affirms the intent of (b). Such reference can be helpful to a court. In this instance, in addition to the clear statutory requirement the legislative synopsis says it all:
>
> This Bill will require insurance for all motor vehicles operating in this State whether they are registered in this State or not.[22]

---

[19] 68 Del. Laws ch. 331 (1992) (emphasis added).
[20] 2008 WL 853798 (Del. Super. April 1, 2008).
[21] *Id.* at *4.
[22] *Id.* at *7 (quoting 68 Del. Laws ch. 331 (1992)).

The facts in *Orija* are analogous to this case. In *Orija*, the plaintiff, a North Carolina resident, sued the defendant, a Virginia resident, after their vehicles collided in Delaware. The two vehicles were registered in North Carolina and Virginia, respectively. The Court held the plaintiff's insurer was required to provide the plaintiff PIP coverage "in the same minimally required amount for policies covering Delaware registered vehicles"[23] because (1) North Carolina had no minimum coverage requirements, and (2) Orija's policy included an extraterritoriality provision that provided the minimum coverage requirements of states like Delaware if an auto accident occurred in the foreign state.[24] The *Orija* Court therefore concluded that Section 2118's requirements may extend to vehicles registered in other states.

As this Court held in *Orija*, a vehicle registered in a state with no minimum PIP coverage is required, when operating in Delaware, to carry insurance meeting Delaware's PIP minimums. Unlike *Orija*, the *Battaglia* and *Green* decisions are not analogous to this case. Both cases involved vehicles registered in states that mandated PIP coverage, and *Battaglia* was decided before the 1992 statutory amendments that added the language at issue in this case.

**B. Georgia does not mandate any PIP coverage.**

---

[23] *Id.* at *8.
[24] *Id.* at *7.

8

Confronted with the unambiguous language discussed above, Plaintiff nonetheless claims the anti-stacking provision does not apply to his PIP benefits from NHIC because those benefits were paid under Georgia law, not under the Delaware Act. In support of his argument, Plaintiff cites this Court's decision in *Gallaher*.

In *Gallaher*, the plaintiff was injured in Delaware when he caught his foot in the frame of a tractor-trailer owned by his employer.[25] The tractor-trailer was registered and insured in Georgia, where the plaintiff's employer was based.[26] The plaintiff received PIP benefits from his employer's insurance carrier and applied for additional PIP benefits from his personal policy with USAA.[27] USAA argued the plaintiff was prohibited from collecting additional benefits under the policy's anti-stacking provision, which substantively was identical to the anti-stacking provision at issue here.[28]

In its decision, the Court held, consistent with the analysis in Section A, above, that the Act requires vehicles operating in Delaware, but registered and insured in other states, to meet the Act's minimum coverage requirements under the Act if the state of registration does not mandate PIP coverage. The *Gallaher* Court, however, held that Georgia Code 33-7-11 required a minimum of $25,000

---

[25] *Id.*
[26] *Id.*
[27] *Id.*
[28] *Id.* at *2.

in PIP coverage per person and $50,000 per accident.[29]  Because the Court found Georgia's coverage requirements exceeded Delaware's requirements, the Court held plaintiff's employer was not insured under the Act, and the policy's anti-stacking provision therefore did not preclude plaintiff from recovering PIP benefits under his Delaware policy.

As set forth above, I agree with the *Gallaher* Court's reasoning that a motor vehicle, registered and insured in another state, is not insured under the Act when the state of registration requires PIP coverage and the vehicle's coverage meets or exceeds that state's minimum coverage.  The parties, however, have not provided any record to support a conclusion that Georgia mandates any minimum PIP coverage.  Upon review, Section 33-7-11, on which the *Gallaher* Court relied, applies to uninsured motorist coverage.  That Section states, in relevant part:

> No automobile liability policy or motor vehicle liability policy shall be issued or delivered in this state to the owner of such vehicle or shall be issued or delivered by any insurer licensed in this state upon any motor vehicle then principally garaged or principally used in this state unless it contains an endorsement or provisions undertaking to pay the insured damages for bodily injury, loss of consortium or death of an insured, or for injury to or destruction of property of an insured under the named insured's policy *sustained from the owner or operator of an uninsured motor vehicle*, within limits exclusive of interests and costs which at the option of the insured shall be:

---

[29] *Gallaher*, 2005 WL 3062014, at *2.

10

(A) Not less than $25,000.00 because of bodily injury to or death of one person in any one accident, and, subject to such limit for one person, $50,000.00 because of bodily injury to or death of two or more persons in any one accident, and $25,000.00 because of injury to or destruction of property . . . .[30]

The statute sets coverage minimums for injuries sustained from uninsured motorists, but does not set minimums for coverage outside that context, including minimum no-fault, or PIP, coverage. Section 33-7-11's narrow scope is reflected by the language in the statute's 2008 amendments, which provide, in relevant part: "Title 33 of the Official Code of Georgia Annotated, relating to insurance, is amended by revising subsections (a) and (b) of Code Section 33-7-11, relating to *uninsured motorist coverage* under motor vehicle liability policies, as follows . . . ."[31]

Additionally, this Court's research into decisions applying Section 33-7-11 only found decisions applying the coverage to cases involving uninsured motorists.[32] Accordingly, a plain reading of the statute and its application by

---

[30] GA CODE ANN. § 33-7-11 (2018) (emphasis added).

[31] 2008 Ga. Laws 801 (emphasis added).

[32] *See, e.g.*, *Coker v. American Guar. & Liab. Ins. Co.*, 825 F.3d 1287, 1292 (11th Cir. 2016) ("Georgia's UM statute is found at Ga. Code Ann. § 33-7-11."); *Progressive Mountain Ins. Co. v. Alvarado*, 2017 WL 3525440, *4 (N.D. Ga. March 8, 2017) (awarding Section 33-7-11's statutory minimums after finding the tortfeasor was not covered under Progressive's insurance policy); *American Ins. Co. v. Horton*, 2017 WL 3498705, *3 (N.D. Ga. March 27, 2017) ("In Georgia, drivers are not required to carry UM insurance, but insurers are nevertheless required to offer UM coverage to their insureds whenever an 'automobile liability policy or motor vehicle liability policy' is issued or delivered in Georgia. O.C.G.A. § 33–7–11(a)(1). Such policies must include UM coverage unless the insured rejects such coverage in writing. If the insured fails to reject the coverage in writing or specify some other limit of UM coverage, the subject

courts indicates Section 33-7-11 does not require PIP coverage. As a result, Georgia-insured vehicles operating in Delaware are required under Section 2118(b) to carry Delaware's minimum coverage under the Act.[33]

### C. Because Covidien's vehicle was one for which the insurance required by the Act was in effect, the anti-stacking provision applies.

Here, Covidien's vehicle was insured in Georgia, which has no PIP coverage requirements. The minimum coverage requirements under Section 2118 therefore were in effect when the vehicle was operating in Delaware. NHIC's policy terms and the manner in which it processed Plaintiff's claim reflect this. Covidien's NHIC policy included a list of endorsements that represented compliance with several states' coverage requirements.[34] The endorsement list included an endorsement for Delaware's "Personal Injury Protection."[35] Additionally, NHIC's coverage selection form for Covidien's policy in Delaware is titled "Delaware

---

'automobile liability policy or motor vehicle liability policy' is deemed to provide UM coverage in the amount of the liability coverage limits of the policy."); *Selective Ins. Co. v. Gwartney*, 2014 WL 12659900, *2 (S.D. Ga. May 29, 2014) ("The amount of UM coverage shall be (A) [n]ot less than $25,000.00 because of bodily injury to or death of one person in any one accident, and, subject to such limit for one person, $50,000.00 because of bodily injury to or death of two or more persons in any one accident, and $25,000.00 because of injury to or destruction of property . . . .").

[33] Plaintiff does not argue that Georgia requires PIP coverage. Rather, Plaintiff argues the *Gallaher* Court held all vehicles insured in Georgia are not insured under the Act. In support of his argument, Plaintiff relies on *Gallaher*'s conclusion that "the [vehicle] here, being insured under Georgia law, is not insured under the Delaware Motorist Protection Act and therefore does not come within the exclusion." *Gallaher*, 2005 WL 3062014, at *2. This argument misconstrues the *Gallaher* decision, however, which held the plaintiff's vehicle was not insured under the Act because it concluded Georgia's minimum insurance requirements exceeded Delaware's insurance requirements.

[34] Ex. A to Def.'s Suppl. Letter.

[35] *Id.*

12

Motorist's Protection Act Required Statement to Policyholders."[36]  Further, NHIC paid Plaintiff $15,000 in "DE PIP" benefits after the April 2011 accident.[37] Accordingly, the PIP benefits paid under the NHIC policy were benefits required by Section 2118, thereby triggering the anti-stacking provisions of Liberty Mutual's policy.  Plaintiff cannot stack PIP benefits from Liberty Mutual to the benefits he received from NHIC under the Act.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is **DENIED,** and Defendant's motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED**.

---

[36] Ex. B to Def.'s Suppl. Letter.
[37] *Id.*