Michael T. CONLIN, Plaintiff,

v.

Michael S. HUTCHEON, Defendant.

Civ. A. No. 83-K-137.

United States District Court,
D. Colorado.

April 22, 1983.

Robert L. Pitler, Levine & Pitler, P.C., Denver, Colo., Todd Tennant, Dobbins, Fraker, Tennant, Joy & Perlstein, Champaign, Ill., for plaintiff.

Jack Kent Anderson, DeMoulin, Anderson, Campbell & Laugesen, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This is an action to recover damages for bodily injury and property loss sustained by plaintiff as a result of an automobile collision which occurred in Nebraska. Plaintiff is a citizen and resident of Illinois; defendant is a citizen and resident of Colorado. Plaintiff has moved to strike two affirmative defenses pled by defendant. Those defenses are assumption of the risk and the Nebraska guest statute. This court has subject matter jurisdiction under Title 28 U.S.C. § 1332.

Plaintiff's complaint alleges that on January 31, 1981, Michael Conlin, the plaintiff,

was a passenger in a car driven by defendant, Michael Hutcheon. The car left the road and collided with a tree, resulting in permanent injuries. At the time both plaintiff and defendant were temporarily residing in Wayne, Nebraska, while enrolled as students at Wayne State University. The car being used was owned by an Iowa citizen and registered in Iowa.

## THE CHOICE OF LAW RULES

Plaintiff moves to strike defendant's two affirmative defenses because he argues that Colorado rather than Nebraska law applies. Defendant maintains that Nebraska has more significant contacts than Colorado by virtue of place of injury, conduct leading to injury, residence of the parties and locale where the relationship is centered. Defendant asserts that Nebraska law is appropriate for determination of the factual issues in this case.

■ In a diversity case, a federal court must apply the conflict of law rules of the state in which the court sits. Colorado has adopted the "most significant relationship" test. *Klaxon Co. v. Stentor Manufacturing Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *First National Bank in Fort Collins v. Rostek,* 182 Colo. 437, 514 P.2d 314 (1973). Recently, I addressed this rule in *Niven, etc., v. Falkenburg,* 553 F.Supp. 1021 (1983). There, I said that because Colorado has adopted the *Restatement (Second) of Conflict of Laws,* the court must

> first look to the specific contacts with each jurisdiction in reaching its determination as to which jurisdiction's law should apply. Each contact is to be evaluated according to its relative importance with respect to the particular issue... The court must also consider policy-oriented principles in determining which law should apply.

*Id.* at 1023.

■ In a negligence action, the contacts which are to be taken into account in determining significant contacts include:

a) the place where the injury occurred;

b) the place where the conduct causing the injury occurred;

c) the domicile, residence, nationality, place of incorporation and place of business of the parties; and

d) the place where the relationship, if any, between the parties is centered. *Restatement (Second) Conflict of Laws § 145.*

■ The principles stated in *Restatement (Second) § 6* are used to rank the contacts according to degree of importance in the determination of each issue. These principles include:

a) the needs of the interstate and international system;

b) relevant policies of the forum;

c) relevant policies of other interested states and the relative interests of those states in the determination of the particular issue;

d) the protection of justified expectations;

e) the basic policies underlying the particular field of law;

f) the certainty, predictability and uniformity of result; and

g) the ease in the determination and application of the law to be applied.

Those criteria are used by the Colorado courts in making the required analysis. *Dworak v. Olson Construction Co.,* 191 Colo. 161, 551 P.2d 198 (1976).

## MOTION TO STRIKE ASSUMPTION OF THE RISK DEFENSE

The foregoing criteria were used by the court in *Sabell v. Pacific Intermountain Express Co.,* 31 Colo.App. 60, 536 P.2d 1160 (1975), in determining whether the comparative negligence law of Colorado should apply. There, the court held that when applying the § 145 choice of law rule, the contacts which are to be weighed most heavily should be the domicile, residence, nationality, place of incorporation and place of business of the parties, and the place where the relationship, if any, between the parties is centered. Secondary consideration should be given to the contacts where the injury occurred, and the place where the conduct

causing the injury occurred. 536 P.2d at 1166. In addition, *Sabell* held that the·policy considerations in § 6 which assume the most importance in ranking these contacts in a comparative negligence issue are § 6(b) and (c). To that end, the court noted that unlike the law of the other state, "Colorado has adopted the basic policy that the harsh results of the contributory negligence doctrine should be abrogated, and ... the parties' negligence should be carefully measured and compared in first determining liability...." Further, the court observed that "the state of the forum has a legitimate interest in applying its laws and policies not only to the conduct of its residents, but also to those who seek relief in its courts." *Id.*

When considering the particular interests and policies of the states involved in this negligence controversy, I find that Colorado, not Nebraska, has the most significant contacts. Plaintiff is a citizen and resident of Illinois; defendant is a citizen and resident of Colorado. Defendant possessed a valid Colorado drivers' license at the time of the accident, and he was and is insured by automobile liability insurance purchased in Colorado. In addition, defendant was served in Colorado and the case was filed in Colorado. In light of the policy factors expounded in § 6(b) and (c) and *Sabell,* Colorado's relevant policies which promote rules of recovery in negligence actions surpass the policies of Nebraska and its interest in the determination of the issue. Although the injury and the conduct which caused the injury occurred in Nebraska, these factors do not constitute compelling significant contacts for our purposes. The absence of prevailing policy considerations renders the locale of this accident a "fortuitous consequence... within (Nebraska's) borders." *Rostek,* 514 P.2d at 318.

The contributory negligence statute of Nebraska does not apply in this case. The law which shall be applied is Colorado's comparative negligence doctrine, as codified in C.R.S.1973 § 13–21–111. Because assumption of the risk does not constitute an affirmative defense under this doctrine,

plaintiff's motion to strike this defense is granted. *Loup-Miller v. Brauer & Assoc.— Rocky Mt.,* 40 Colo.App. 67, 572 P.2d 845 (1977).

## MOTION TO STRIKE GUEST STATUTE DEFENSE

Plaintiff also moves to strike an affirmative defense that Nebraska's guest statute bars plaintiff's recovery. Defendant argues that the Nebraska guest statute should be given effect as the appropriate choice of law in this case. Plaintiff disagrees and argues that for policy and contact reasons, the law of Colorado is appropriate, and because Colorado does not have a guest statute, the defense is invalid.

In *First National Bank in Fort Collins v. Rostek, supra,* the Colorado Supreme Court rejected the strict application of the doctrine of *lex loci delicti* in a guest statute controversy when the host and guest are domiciliaries of the same state and the accident occurs in a different state. Instead, the court said that the law of the domicile applies. The case at bar does not present the same situation. The issue of whether a state's guest statute applies when the host and guest are from different jurisdictions has not been addressed by the Colorado courts. However, in *Sabell, supra,* the court noted in dicta that Colorado's comparative negligence statute is "analogous" to the guest statute in *Rostek,* because "both define the quanta of negligence necessary to impose or limit generally the liability of the parties." *Sabell,* 536 P.2d at 1165. Therefore, the policy considerations and significant contacts which were held to be of primary importance in *Rostek* and *Sabell* are analogous to those which assume primary importance in this conflict of laws.

*Rostek* held that the place of domicile of the parties and the jurisdiction in which the vehicle is registered are the most significant *Restatement (Second)* § 145 contacts. These contacts, along with the others, rendered the locale of the accident a "fortuitous occurrence" which had little bearing on the choice of law. *Sabell* held that domicile and residence of the parties, and the place

where the relationship of the parties is centered, constitute the most significant contacts which should be given the most weight. These contacts, when considered in conjunction with the policies of § 6, will determine which choice of law is appropriate when the application of a guest statute is at issue.

In this action, the defendant is a domiciliary of Colorado and the plaintiff is a domiciliary of Illinois. Both parties temporarily resided, as students, in Nebraska at the time of the accident. The car was registered in Iowa and was owned by an Iowa citizen. Further, the defendant was served in Colorado and the action was filed in Colorado. These are significant contacts which are to be weighed most heavily. Since the accident and the conduct which caused the accident occurred in Nebraska, there is no question that Nebraska had significant contacts. However, the facts of this case demonstrate that the most significant contacts occurred in Colorado.

To insure that these significant contacts are correctly ranked for the purpose of determining which choice of law prevails, they must be measured against the policies of § 6 and they must comply with and advance those policies. *Sabell, supra,* held that in the determination of the particular issue, the relevant policies of the forum and of the other interested states are the most important § 6 policies with which an analogous action must comply. States which do not have guest statutes reason that drivers of cars and their guests should be financially responsible for their acts. On the other hand, states which have enacted guest statutes reason that such statutes will protect good samaritans, prevent suits by hitch-hikers, prevent rising insurance rates due to collusive suits by friends and relatives and reduce the amount of litigation.

These policies, when applied to the contacts, demonstrate that Colorado possesses the most significant contacts. First, Iowa, Illinois and Colorado did not have guest statutes at the time of the accident, nor do they now. Nebraska has a guest statute, and did have one at the time of the accident, which permits a guest to recover only when a driver's intoxication or gross negligence is proved. Second, the interests of Iowa are minimal. Illinois has some interest in the conduct of the plaintiff and the possible use of its facilities and resources in the care of plaintiff. Because the collision occurred in Nebraska, that state has significant interests. Clearly, Nebraska has its own policy considerations in regulating the conduct of the persons located within its own borders, but such interests are not paramount. In fact, the state interest itself is readily and appropriately addressed in the prosecution of its motor vehicle code—a proceeding on which this instant action will have no effect whatever. Further, the essential concerns sought to be considered in adjudications of guest statute cases are not present here. This litigation will not effect Nebraska policies concerning hitchhikers, good samaritans, insurance rates, collision suits by its citizens or the amount of litigation in its courts. On the other hand, the interest of the forum state in applying its law and policies to those who seek relief in its courts is paramount. *Sabell,* 536 P.2d at 1166.

This lawsuit was filed in Colorado with a Colorado resident as defendant. The temporary locus of the parties and the place of the accident and related conduct, when weighed against the remaining contacts and policies, do not constitute factors which are compelling enough to warrant the application of Nebraska law. Rather, Colorado law is appropriate. Because Colorado does not have a guest statute, plaintiff's motion to strike defendant's assertion of a guest statute as an affirmative defense is granted. It is therefore,

ORDERED that plaintiff's motion to strike is granted.