**Ronni READ, Plaintiff Below, Appellant,**

**v.**

**Jennifer HOFFECKER, Defendant Below, Appellee.**

Supreme Court of Delaware.

Submitted: Oct. 14, 1992.
Decided: Nov. 13, 1992.

Kenneth M. Roseman of Ciconte & Roseman, Wilmington, for appellant.

Douglass Lee Mowrey of Bailey & Wetzel, Wilmington, for appellee.

Before VEASEY, C.J., WALSH, and HOLLAND, JJ.

HOLLAND, Justice:

This is an appeal following the entry of a final judgment in the Superior Court. The plaintiff-appellant, Ronni Read ("Read"), filed a civil action for damages against the defendant-appellee, Jennifer Hoffecker ("Hoffecker"). According to Read's complaint, she was injured when an automobile being driven by Hoffecker in a negligent manner collided with an automobile in which Read was a passenger. The Superior Court awarded Read $30,000 in damages for pain and suffering.

The sole issue raised by Read in this appeal relates to a pretrial ruling. The Superior Court held that the Delaware no-fault insurance statute, 21 *Del.C.* § 2118(g),[1] precluded Read from pleading or introducing evidence of certain special damages, including medical expenses and lost earnings, in her civil action against the alleged tortfeasor, Hoffecker. Read argues that the Superior Court erred, as a matter of law, by applying the preclusion of Section 2118(g) to her, a person not within the class of persons eligible to recover special damage benefits pursuant to the Delaware no-fault insurance statute.

This Court has concluded that Read's argument is correct. Accordingly, the pretrial judgment of the Superior Court in favor of Hoffecker, on the issue of special damages, is reversed.

### Facts

The relevant facts are not in dispute. Read, a resident of Virginia, sustained physical injuries as a consequence of a motor vehicle collision which occurred in the State of Delaware on October 10, 1988. At the time of the collision, Read was a passenger in an automobile which was struck by another automobile that was being operated by Hoffecker. The motor vehicle in which Read was riding was registered and insured pursuant to the laws of the Commonwealth of Virginia.

On October 2, 1990, Read filed the present cause of action against Hoffecker in the Superior Court. In her complaint, Read sought to recover compensation for the pain and suffering which she had sustained as a result of the physical injuries caused by the motor vehicle collision of October 10, 1988. Read also sought to recover certain special damages (medical expenses and lost earnings) in the amount of $17,210.81, which she alleged were also incurred as a consequence of her physical injuries.[2]

In a pretrial ruling, the Superior Court held that the Delaware no-fault insurance statute, 21 *Del.C.* § 2118(g), precluded Read from pleading or introducing evidence of her lost earnings and medical expenses in her civil action against Hoffecker. The Superior Court entered a final judgment awarding Read $30,000 for her pain and suffering on April 30, 1992. On May 5, 1992, Read filed this appeal from the pretrial ruling of the Superior Court.

### *Special Damages Delaware No-Fault Statute Preclusion Requires Eligibility*

The Superior Court held that 21 *Del.C.* § 2118(g) precluded Read from pleading or introducing evidence of certain special damages (medical expenses and lost earnings) in her civil action against Hoffecker. Read contends that the Superior Court erred, as a matter of law, in construing the Delaware no-fault insurance statute, by applying its preclusion to her, an individual not within the class of persons eligible to recover its special damage benefits. Read's position is supported completely by the holding of the Delaware District Court in a

---

**1.** Section 2118 was amended effective July 8, 1992. 68 *Del.Laws* c. 331. Former subsection 2118(g) is now designated as 2118(h). The references in this opinion to all subsections of 21 *Del.C.* § 2118, including subsection 2118(g), are to the statute as it existed at the time of the

Superior Court's ruling, prior to the July 1992 amendments.

**2.** Pursuant to the terms of applicable Virginia insurance policy, Read received reimbursement for certain of her special damages.

diversity action. *Deel v. Rizak*, D.Del., 474 F.Supp. 45 (1979).[3]

It is undisputed that 21 *Del.C.* § 2118(g) provides that a person who is *eligible* for no-fault insurance special damage benefits, as those benefits are defined in Section 2118(a)(2) and (3), is *precluded* from pleading or introducing evidence of such special damages in an action against a tortfeasor.[4] In *Deel*, the Delaware District Court defined "person eligible" under Section 2118(g) as: any person "within the class of persons to whom the statutorily required [no-fault insurance] coverage extends." *Deel v. Rizak*, 474 F.Supp. at 46. In *Deel*, that class was determined to include the following groups:

(1) All persons who are injured while "occupying" a motor vehicle which is registered and insured in Delaware.

21 *Del.C.* § 2118(a)(2)c.

(2) All persons who are the named insureds of a Delaware motor vehicle insurance policy or are members of the named insured's household and

(a) are injured while occupying any registered motor vehicle other than a Delaware insured vehicle; or

(b) are struck while a pedestrian by any vehicle other than a Delaware insured motor vehicle.

21 *Del.C.* § 2118(a)(2)d.

(3) All pedestrians who are struck in Delaware by a motor vehicle registered and insured in Delaware.

21 *Del.C.* § 2118(a)(2)e.

*Deel v. Rizak*, 474 F.Supp. at 46.

■ We have concluded that the analysis of the Delaware no-fault insurance statute in *Deel* is entirely correct. Accordingly, we adopt the *ratio decidendi* of *Deel* in its entirety. Consequently, we hold that if a person is not eligible for special damage benefits under Delaware's no-fault insurance statute, as "eligible person" is defined in *Deel*, that person is not barred by Section 2118(g) from pleading or introducing evidence of such special damages in a civil action against the alleged tortfeasor. *Id.*

*This Case Preclusion Not Applicable*

■ The record reflects that Read was injured while she was "occupying" a motor vehicle. Therefore, she is not within groups 2(b) or (3) of eligible persons, as defined in *Deel*, which are composed of "pedestrians." The record also reflects that the automobile which Read was "occupying" at the time of the accident was neither registered in Delaware nor insured under the Delaware no-fault insurance provisions. Hence, Read is not within group (1) of eligible persons, as defined in *Deel*. Finally, the record reflects that Read was neither a named insured under a Delaware motor vehicle no-fault policy nor a member of such a named insured's household. Therefore, Read is not within group 2(a) of eligible persons, as defined in *Deel*.

Read is not a person within any of the groups of persons who are eligible for special damage benefits under the Delaware no-fault insurance statute. Therefore, Read is not precluded by Section 2118(g) from pleading or introducing evidence of such special damages in her action against the alleged tortfeasor, Hoffecker. Consequently, we hold that the Superior Court

**3.** The plaintiffs in *Deel* were citizens and residents of the State of Maryland. Their motor vehicle was registered and insured under that state's laws. *Deel v. Rizak*, 474 F.Supp. at 46. At the time of the accident, plaintiffs were all passengers in the motor vehicle. *Id.*

**4.** Subsection 2118(g) reads, in its entirety, as follows:

*Any person eligible* for [special damage] benefits described in paragraph (2) or (3) of subsection (a) of this section, other than an insurer in an action brought pursuant to subsection (f) of this section, is *precluded* from pleading or introducing into evidence in an action for damages against a tortfeasor those [special] damages for which compensation is available under paragraph (2) or (3) of subsection (a) of this section without regard to any elective reductions in such coverage and whether or not such benefits are actually re-coverable.

21 *Del.C.* § 2118(g) (1979) (emphasis added). The special damages (medical expenses and lost earnings) claimed by Read are among the special damage benefits available to a "person eligible" for them, pursuant to Delaware's no-fault insurance statute. *See* 21 *Del.C.* § 2118(a)(2).

erred in ruling that Section 2118(g) precluded Read, an out-of-state resident and a passenger in an out-of-state vehicle, from pleading and introducing evidence of certain special damages (medical expenses and lost earnings) in her civil action against Hoffecker.

### Conclusion

The pretrial judgment of the Superior Court in favor of Hoffecker, on the issue of Read's claim for special damages, is REVERSED. This matter is remanded to the Superior Court for further proceedings in accordance with this opinion.