**Artrelia TURNER, Plaintiff Below, Appellant,**

v.

**Harvey LIPSCHULTZ and Harold Wilborn, Defendants Below, Appellees.**

Supreme Court of Delaware.

Submitted: Dec. 1, 1992.
Decided: Dec. 22, 1992.

Roger D. Landon, Heckler & Cattie, Wilmington, for appellant Artrelia Turner.

Ralph K. Durstein, III, Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, for appellee, Harvey Lipschultz.

Carol J. Evon, Wilmington, for appellee, Harold Wilborn.

Before VEASEY, C.J., HORSEY and HOLLAND, JJ.

HOLLAND, Justice.

The present appeal is one of a trilogy of recent similar proceedings in this Court.[1] At issue, once again, is the admissibility of evidence of special damages during a trial against an alleged tortfeasor by a non-resident plaintiff, who sustained personal injury in Delaware during a motor vehicle collision, while that non-resident plaintiff was travelling in an automobile which was not registered and insured in Delaware. When the case *sub judice* was tried, the decisions of the Superior Court on that issue were in conflict. That conflict has now been resolved, as a matter of Delaware law, by this Court. *Read v. Hoffecker*, Del.Supr., 616 A.2d 835 (1992).

The present case was tried and submitted to the jury pursuant to the laws of the State of Delaware. Consistent with our ultimate holding in *Read*, the Superior Court permitted the plaintiff-appellant, Artrelia Turner ("Turner"), to introduce evidence of special damages (medical expenses), in her personal injury action against the alleged tortfeasors. The jury returned a verdict for general and special damages in Turner's favor against the defendants-appellees, Harvey Lipschultz ("Lipschultz") and Harold Wilborn ("Wilborn").

Following the jury's verdict, however, the Superior Court determined that the evidentiary issue of Turner's special damages was controlled by the law of the State of New Jersey. In reaching that conclusion, it applied this Court's holding in *Travelers Indemnity Company v. Lake*, Del.Supr., 594 A.2d 38 (1991). Consequently, applying New Jersey law, the Superior Court granted motions for judgment notwithstanding the verdict, on the issue of Turner's medical expenses, in favor of both defendants.

We have decided that the Superior Court erred, as a matter of law, in applying the law of New Jersey to the evidentiary issue regarding the admissibility of Turner's medical expenses. We have concluded that Turner's personal injury action is governed, in its entirety, by the laws of Delaware. Consequently, the judgments notwithstanding the verdict, in favor of Lipschultz and Wilborn, are reversed.

*Facts*

Turner filed this action in the Delaware Superior Court, seeking to recover general

---

1. *See Read v. Hoffecker*, Del.Supr., 616 A.2d 835 (1992) and *Wallace v. Archambo*, Del.Supr., 619 A.2d 911 (1992).

and special damages for personal injuries resulting from an automobile collision which occurred on March 22, 1989 in Delaware. At the time of the collision, Turner was a passenger in Wilborn's vehicle when it was struck by a vehicle being operated by Lipschultz. Turner and Wilborn were both New Jersey domiciliaries. They were attending school together in Dover at Delaware State College. Wilborn was giving Turner a ride home from college during Spring break. Wilborn's vehicle was registered and insured in New Jersey. Lipschultz, a resident of Pennsylvania, was driving a vehicle registered and insured in Pennsylvania.

Turner sustained various physical injuries, as a result of the collision, which required medical care. Turner incurred $7,830.50 in medical expenses. Turner's medical bills were paid in full by her mother's automobile insurance carrier, under the provisions of its coverage for personal injury protection ("PIP"). That insurance policy was issued to Turner's mother pursuant to the law of New Jersey.

At trial, both defendants objected to the introduction into evidence of proof relating to Turner's medical expenses. Lipschultz and Wilborn argued that Delaware law precluded Turner from pleading or introducing evidence of such special damages. 21 *Del.C.* § 2118(h).[2] The Superior Court allowed Turner to submit evidence of her medical expenses, subject to post-trial briefing on the issue of their admissibility.

The jury returned a verdict in favor of Turner, and against Lipschultz and Wilborn, in the amount of $11,030.50. The jury awarded $7,830.50 for Turner's medical expenses and $3,200.00 for Turner's general damages. The jury attributed 80% of the negligence which had caused Turner's injuries to Lipschultz and 20% of that negligence to Wilborn.

After trial, both defendants filed a motion for a new trial or, alternatively, judgment notwithstanding the verdict. Those motions asked the Superior Court to disallow the jury's award for medical expenses, thereby reducing Turner's recovery to $3,200.00. Turner opposed those motions. All parties argued to the Superior Court that Delaware law should control the issue presented.[3]

Nevertheless, the Superior Court determined that New Jersey law controlled the evidentiary issue of the admissibility of Turner's medical bills. It made that choice of law by applying this Court's holding in *Lake.* It then determined that New Jersey law would not allow Turner to recover for her medical expenses.

Therefore, the Superior Court granted both defendants' motions for judgment notwithstanding the verdict. The Superior Court reduced the jury's total verdict by the amount of the award for Turner's medical expenses. It entered judgment in favor of Turner in the amount of $3,200.00.

## Tort Claims

### Choice of Laws

■ This Court has abandoned the *lex loci* rule for making choice of law determinations in tort claims. *Travelers Indemnity Company v. Lake,* Del.Supr., 594 A.2d 38 (1991). In *Lake,* this Court adopted the Restatement of Conflicts "most significant relationship" test for Delaware. *Id.* at 40. *See* RESTATEMENT (SECOND) OF CONFLICTS § 145(1). Pursuant to Section 145 of the Restatement of Conflicts, the local law of the state which "has the most significant relationship to the occurrence and the parties under the principles stated in [Section 6]" will govern the rights of litigants in a tort suit. RESTATEMENT (SECOND) OF CONFLICTS § 145(1) (1971). However, Section 146 of the Restatement of Conflicts specifically directs the court, as a general rule, to *apply the law of the state where the injury occurred* in an "action for a personal injury," *unless* some other

---

**2.** Section 2118 was amended effective July 8, 1992. 68 *Del.Laws* c. 331. Former subsection 2118(g) is now designated as 2118(h).

**3.** Since this matter was tried prior to this Court's decision in *Read,* the defendants argued that Turner was precluded from introducing evidence of her medical expenses by the law of Delaware and by the law of New Jersey.

state has a more "significant relationship," under the Section 6 principles, to the "occurrence and the parties." *Travelers Indemnity Company v. Lake*, 594 A.2d at 47.

In applying the principles stated in Section 6 of the Restatement of Conflicts, Section 145 lists the following contacts as relevant for a court to consider:

(a) the place where the injury occurred,

(b) the place where the conduct causing the injury occurred,

(c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered.

These contacts are to be evaluated according to their relative importance with respect to the particular issue.

RESTATEMENT (SECOND) OF CONFLICTS, § 145(2) (1971).

The issue before the Delaware courts in *Lake* was the construction of the scope of a personal injury protection clause in an insurance contract issued to a Delaware resident, pursuant to the Delaware no-fault insurance law, to insure a motor vehicle registered in Delaware. In *Lake*, this Court determined that Delaware had the "most significant relationship" to that issue. Consequently, in *Lake*, this Court concluded that the presumption in the general rule recognized by Section 146 of the Restatement of Conflicts, which would have applied the law of the locale where the injury occurred, had been rebutted. Thus, in *Lake*, this Court held that Delaware law applied to the issue presented, notwithstanding the fact that the Delaware resident's personal injury had been sustained in Quebec, Canada. *Travelers Indemnity Company v. Lake*, 594 A.2d at 47–48.

*This Case Delaware Law Applies*

The factual circumstances which led this Court to depart from the general directive of Section 146 in *Lake*, and not to apply the law of the locale where the personal injury occurred, are not present in the case *sub judice*. The issue in this case does not involve the parameters of the personal injury protection afforded to a New Jersey domiciliary (Turner) by a New Jersey automobile insurance policy (her mother's). Turner has been paid in full by the PIP coverage of that New Jersey policy for her medical expenses.

The issue in this case relates to what evidence of special damages is admissible in a Delaware court against a tortfeasor for a tort which occurred in Delaware. An examination of the four relevant contacts set forth in Section 145 of the Restatement of Conflicts vis-a-vis the principles of Section 6,[4] in the context of this case, compels the application of Delaware law. First, the personal injury to Turner occurred in Delaware. Second, the defendants' conduct (driving), which caused Turner's personal injury, occurred in Delaware. Third, although Turner and Wilborn were domiciled in New Jersey, they were both residing at college in Delaware. In fact, Turner was riding in the same vehicle with Wilborn because of her contacts with Wilborn in Delaware. Finally, the only relationship (the collision) among all of the parties (Turner, Wilborn, and Lipschultz) is centered in Delaware.

A proper choice of law analysis reflects that the Superior Court erred, as a matter of law, in ruling that New Jersey bears a more significant relationship to the occurrence and the parties than Delaware. Delaware is the state where the injury and conduct occurred. Delaware is the only state which can provide a forum for Turner to bring a single action against both Wil-

---

4. The factors set forth in Section 6 are:
   (a) the needs of the interstate and international systems,
   (b) the relevant policies of the forum,
   (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
   (d) the protection of justified expectations,

(e) the basic policies underlying the particular field of law,
(f) certainty, predictability and uniformity of result, and
(g) ease in the determination and application of the law to be applied.
RESTATEMENT (SECOND) OF CONFLICTS § 6.

born and Lipschultz.[5] In the absence of a more "significant relationship" with another state, the general directive of Section 146 should have been followed by the Superior Court,[6] i.e., the law of Delaware, the state where the personal injury and the conduct occurred, should have been applied in this case.

### Conclusion

 Pursuant to Delaware's law, all of Turner's medical expenses were properly admitted into evidence at trial in her personal injury action against the tortfeasors, Wilborn and Lipschultz. *Read v. Hoffeck-er*, 616 A.2d 835 (1992). *See also Wallace v. Archambo*, Del.Supr., 619 A.2d 911 (1992). The Superior Court's judgments notwithstanding the verdict, in favor of Wilborn and Lipschultz, are REVERSED. This matter is REMANDED to the Superior Court with directions to reinstate the jury's verdict in favor of Turner in its entirety.

**5.** The record reflects that Lipschultz was from Pennsylvania and Wilborn was from New Jersey. Therefore, Delaware is the only state where Turner could join both defendants in a single action. Service of process on Wilborn and Lipschultz was accomplished pursuant to 10 *Del.C.* § 3112. The purpose of that law is to provide Delaware as a forum for torts committed within its boundaries. *Beck v. Lund's Fisheries, Inc.*, Del.Supr., 164 A.2d 583 (1960).

**6.** Comment (d) of § 146 provides guidance "when conduct and injury occur in the same state":

In the majority of instances, the actor's conduct, which may consist of either of action or non-action, and the personal injury will occur in the same state. In such instances, the local law of this state will usually be applied to determine most issues involving the tort.... This state will usually be the state of dominant interest, since the two principle elements of the tort, namely, conduct and injury, occurred within its territory. The state where the defendant's conduct occurs has the dominant interest in regulating it and in determining whether it is tortious in character. Similarly, the state where the injury occurs will, usually at least, have the dominant interest in determining whether the interest affected is entitled to legal protection....

RESTATEMENT (SECOND) OF CONFLICTS § 146, Comment (d) p. 431.