Robert WALLACE, Defendant
Below, Appellant,

v.

David and Kathleen ARCHAMBO,
Plaintiffs Below, Appellees.

Supreme Court of Delaware.

Submitted: Dec. 1, 1992.
Decided: Dec. 22, 1992.

Robert B. Young, Dover, for appellant.

David J. Baldwin and David L. Baumberger, Potter, Anderson & Corroon, Wilmington, and J. Michael Farrell, Philadelphia, PA, for appellees.

Before VEASEY, C.J., HORSEY and HOLLAND, JJ.

HOLLAND, Justice:

This Court accepted certification of a question of law from the United States District Court for the District of Delaware ("Delaware District Court"). Del. Const. art. IV, § 11(9); Supr.Ct.R. 41. The certified question is:

In an action where a New Jersey resident operating an automobile registered in New Jersey is injured in an automobile accident which occurred in Delaware, as a result of which he obtains PIP insurance benefits for medical expenses and/or lost wages under a New Jersey contract of insurance, is that individual *precluded* from introducing into evidence in this action those items as damages against a tortfeasor to the extent that he received New Jersey PIP payments? (emphasis added).

The relevant facts are set forth in the parties' Joint Petition for Certification:

Plaintiff David Archambo, the operator of a vehicle registered in the State of New Jersey, was involved in an automobile accident in the State of Delaware and has filed this action to recover damages in [the District Court].

Following that accident, Plaintiff received compensation for medical expenses and lost wages from his own insurance carrier, pursuant to PIP coverage as required by New Jersey law. *See* Title 30, N.J.Stat.Ann. § 39:6A–1 *et seq.*

That PIP compensation was paid to Plaintiff, a New Jersey resident, in New Jersey, under a New Jersey insurance policy.

If the same payments had been provided to Plaintiff, as a Delaware resident through a Delaware insurance policy, the expenses so compensated would not be admissible in litigation in Delaware, because of the operation of 21 *Del.C.* § 2118(g).

* Section 2118 of Title 21 was amended effective July 8, 1992. Subsection 2118(h) [formerly 2118(g) ] provides:

Any person eligible for benefits described in paragraph (2) or (3) of subsection (a) of this section, other than an insurer in an action brought pursuant to subsection (f) of this section, is precluded from pleading or introduc-

The issue raised by the certified question propounded to this Court by the Delaware District Court involves the construction and operation of 21 *Del.C.* § 2118(h).* Under the factual circumstances presented, our response to the question certified is controlled by this Court's recent holdings in *Read v. Hoffecker*, Del.Supr., 616 A.2d 835 (1992) and *Turner v. Lipschultz*, Del.Supr., 619 A.2d 912 (1992). Therefore, the question before this Court, upon certification from the Delaware District Court, is answered in the NEGATIVE.

ing into evidence in an action for damages against a tortfeasor those damages for which compensation is available under paragraph (2) or (3) of subsection (a) of this section without regard to any elective reductions in such coverage and whether or not such benefits are actually recoverable.