# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LORI RUFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| UNITED PARCEL SERVICE, INC., | ) | C.A. No. N25C-02-456 CLS |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

Date Submitted: June 13, 2024
Date Decided: September 19, 2025

*Upon Consideration of the Defendant's Motion to Dismiss.*
**GRANTED.**

## MEMORANDUM OPINION

Joel H. Fredericks, Esquire for NITSCHE & FREDERICKS, LLC, *Attorney for Plaintiff*.

Stephen F. Dryden, Esquire for WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY, LLP, *Attorney for Defendant*.

**SCOTT, J**

This action arises from a motor vehicle accident in the state of Washington that caused the death of three individuals. The plaintiff—mother of the deceased driver—brought a wrongful death claim under theories of vicarious liability and negligence against the defendant. The defendant now moves for dismissal for failure to state a claim upon which relief can be granted. For the reasons stated below, the defendant's motion is **GRANTED**.

## FACTUAL AND PROCEDURAL HISTORY[1]

### I.    THE PARTIES

Plaintiff, Lori Ruff, is a resident of Washington.[2]

Defendant, United Parcel Services, Inc. ("UPS"), is a Delaware corporation and has its principal place of business in Georgia.[3]

### II.    FACTUAL AND PROCEDURAL BACKGROUND

On March 16, 2023, at 12:30 a.m., Justin Poole and four passengers were driving eastbound on Interstate 90 in the state of Washington.[4]  At the same time, Danny Ellingford, a UPS employee, was traveling westbound on Interstate 90 operating a tractor trailer for UPS.[5]  The allegations submit that Mr. Ellingford was driving over the speed limit and distracted by his cellphone as he drifted out of the

---

[1] The facts are drawn from the allegations in the Complaint and are assumed to be true and undisputed for the purposes of the Motion to Dismiss.  *See* D.I. 1, Complaint ("Compl.").

[2] *Id.* ¶ 1.

[3] *Id.* ¶ 2; *Company Facts*, UPS, https://about.ups.com/us/en/our-company/global-presence/corporate-facts.html (last visited Sept. 17, 2025).

[4] Compl. ¶ 6.

[5] *Id.* ¶¶ 7–9.

lane and crossed over the median of Interstate 90.[6]  As a result, Mr. Ellingford collided with the vehicle driven by Mr. Poole.[7]

Tragically, the collision resulted in the death of Mr. Poole, Chelsea Poole, and Michael Buckholt.[8]  Mr. Poole is survived by his wife, Nicole Poole, his son, and his mother, Lori Ruff ("Plaintiff").[9]

Plaintiff is the biological mother of Justin Poole.[10]  In May 2023, family members of the decedents, Nicole Poole, and Plaintiff filed a wrongful death lawsuit in King County, Washington against UPS and Danny Ellingford.[11]  However, on February 19, 2025, Plaintiff voluntarily dismissed her claims without prejudice "after confirming she [did] not have a claim under Washington law."[12]

The next day, on February 20, 2025, Plaintiff filed the instant complaint against UPS in Delaware.[13]  The Complaint asserts two claims: Count I for wrongful death under 10 *Del. C.* § 3724 and Count II seeks punitive damages for wanton and willful, or reckless, conduct.[14]  UPS moves to dismiss all claims against it under

---

[6] *Id.* ¶¶ 9, 62–78.
[7] *Id.* ¶ 9.
[8] Defendant's Motion to Dismiss at 2, D.I. 15 ("MTD").
[9] MTD at 2.
[10] Compl. ¶ 1.
[11] *See generally Poole v. UPS, Inc.*, 2023 WL 12019041, at *1 (Wash. Super. May 12, 2023).
[12] Voluntary Mot. to Dismiss for Plaintiff at 1, *Poole v. UPS*, No. 23-2-08634-1 SEA (Wash. Super. Feb. 19, 2025);  Plaintiff's Response to Defendant's Motion to Dismiss at 5, D.I. 16 ("Resp. to MTD").
[13] *See generally* Compl.
[14] Compl. ¶¶ 111–45, 146–49.

Superior Court Civil Rule 12(b)(6).[15]  Plaintiff opposes.[16]  Both parties submitted their relevant pleadings,[17] and the matter is ripe for decision.

## STANDARD OF REVIEW

Upon a motion to dismiss under Superior Court Civil Rule 12(b)(6), the Court (i) accepts all well-pled factual allegations as true, (ii) accepts even vague allegations as well-pled if they give the opposing party notice of the claim, (iii) draws all reasonable inferences in favor of the non-moving party, and (iv) only dismisses a case where the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances.[18]  The Court does not, however, accept "conclusory allegations that lack specific supporting factual allegations." [19]  But "it is appropriate . . . to give the pleader the benefit of all reasonable inferences that can be drawn from the pleading."[20]

## DISCUSSION

The issue here is whether Washington or Delaware law applies to Plaintiff's wrongful death claim.  UPS seeks dismissal of all the claims against it, arguing that since Delaware's only connection to the case is that UPS is incorporated in

---

[15] *See generally* MTD.
[16] *See generally* Resp. to MTD.
[17] MTD; Resp. to MTD.
[18] *ET Aggregator, LLC v. PFJE AssetCo Hldgs. LLC*, 2023 WL 8535181, at *6 (Del. Super. Dec. 8, 2023).
[19] *Id*. (quoting *Ramunno v. Crawley*, 705 A.2d 1029, 1034 (Del. 1998)).
[20] *TrueBlue Inc. v. Leeds Equity Partners IV, LP*, 2015 WL 5968726, at *2 (Del. Super. Sept. 25, 2015) (quotation omitted).

Delaware, the Court must apply Washington law.[21]  According to UPS, if the Court applies Washington law, Plaintiff's complaint must be dismissed as she lacks standing to assert a claim under Washington's wrongful death statute.[22]  Plaintiff counters that Delaware law must be applied because she has no other available forum to seek relief.[23]

## I.     WASHINGTON LAW APPLIES TO THE FACTS OF THIS CASE

"As the forum jurisdiction, Delaware's choice-of-law rules are used to determine the applicable law on a particular issue in a specific case."[24]  Because a wrongful death claim is a matter of substantive law, the Court must ascertain whether Washington or Delaware law is applicable to the facts of this case.[25]

When a conflict arises between the laws of two sovereigns, a court must first ask if "an actual conflict of law [exists] between the proposed jurisdictions."[26]  Next, the "rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant

---

[21] MTD at 1. UPS makes various arguments in its motion to dismiss, including:  (1) that Plaintiff is judicially estopped from arguing Delaware law is applicable to this case;  (2) alternatively, even if Delaware law applied, the facts pled fail to state a claim;  or (3) *forum non conveniens* warrants dismissal regardless of the applicable state law. MTD at 12, 14, 22.  For the reasons stated below, the Court concludes that Washington law applies and does not address the remaining arguments.

[22] *Id.* at 1.

[23] Resp. to MTD at 1.

[24] *Laugelle v. Bell Helicopter Textron, Inc.*, 2013 WL 5460164, at *1 (Del. Super. Oct. 1, 2013) (citing *VantagePoint Venture Partners 1996 v. Examen, Inc.*, 871 A.2d 1108, 1116 (Del. 2005); *Travelers Indem. Co. v. Lake*, 594 A.2d 38, 43 47–48 (Del. 1991)).

[25] *Laugelle*, 2013 WL 5460164, at *1 (internal citation omitted).

[26] *Bell Helicopter Textron, Inc. v. Arteaga*, 113 A.3d 1045, 1050 (Del. 2015).

relationship to the occurrence and the parties under the principles stated" in section 6.[27]  The principles of section six are:

(a) the needs of the interstate and international systems,
(b) the relevant policies of the forum,
(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
(d) the protection of justified expectations,
(e) the basic policies underlying the particular field of law,
(f) certainty, predictability and uniformity of result, and
(g) ease in the determination and application of the law to be applied.[28]

The preceding factors are applied to the following contacts listed under section 145 to determine the state with the most significant relationship:

(a) the place where the injury occurred,
(b) the place where the conduct causing the injury occurred,
(c) the domicil[e], residence, nationality, place of incorporation and place of business of the parties, and
(d) the place where the relationship, if any, between the parties is centered.[29]

Contacts under section 145 are "to be evaluated according to their relative importance with respect to the particular issue."[30]  "The flexibility of [the Restatement test] requires that each case be decided on its own facts."[31]

---

[27] *Bell Helicopter Textron, Inc.*, 113 A.3d at 1051 (quoting Restatement (Second) of Conflicts §§ 6, 145(1) (1971)) (internal quotation marks omitted).
[28] Restatement (Second) of Conflicts § 6 (1971).
[29] *Id.* § 145(2).
[30] *Bell Helicopter Textron, Inc.*, 113 A.3d at 1051.
[31] *Travelers Indem. Co. v. Lake*, 594 A.2d at 48.

## A. WASHINGTON AND DELAWARE WRONGFUL DEATH STATUTES ACTUALLY CONFLICT

The parties dispute whether an actual conflict exists between the Washington and Delaware wrongful death statutes.[32]  To determine whether there is an actual conflict, the Court must ask whether the "application of the competing laws yield the same result[.]"[33]  UPS argues that the Washington and Delaware wrongful death statutes conflict because Delaware permits parents of the decedent to be beneficiaries and does not require a personal representative to bring the action.[34] Plaintiff's position is confusing.  Plaintiff argues that the unavailability of a remedy under Washington law means there is no conflict, states that the laws of Washington and Delaware differ, but also claims that Washington law does not address the issue.[35]

The Court disagrees with Plaintiff.  Washington's wrongful death statute precludes parents of a decedent from asserting a cause of action when the decedent is survived by a spouse, domestic partner, or children.[36] On the other hand, Delaware provides that an action for wrongful death is "for the benefit of the spouse, parent,

---

[32] *Id.* at 1050;  10 *Del. C.* 3724;  Wash. Rev. Code Ann. §§ 4.20.010, 4.20.020.

[33] *In re CVS Opioid Ins. Litig.*, 301 A.3d, 1194, 1209 (quoting *Arch Ins. Co. v. Murdock*, 2018 WL 1129110, at *8 (Del. Super. Mar. 1, 2018) (internal citations omitted)) (internal quotation marks omitted).

[34] MTD at 7.

[35] Resp. to MTD at 7–8.

[36] Wash. Rev. Code Ann. §§ 4.20.010, 4.20.020.

child, and siblings of the deceased person."[37]  Washington law limits the possibility for parents and siblings to recover while Delaware does not.  Hence, applying Delaware or Washington law yields different results because Plaintiff, as a parent of the decedent, is ineligible to file a wrongful death claim in Washington, but not in Delaware.

## B.  THE RESTATEMENT TEST FAVORS APPLYING WASHINGTON LAW

Washington has the most significant relationship to Plaintiff's wrongful death claim under the contacts listed in section 145 of the Restatement.  The first and second contacts are undisputed: the injury, and the conduct giving rise to the injury, occurred on a highway in the state of Washington.[38]  The domicile of Plaintiff is Washington and UPS is incorporated in Delaware with its principal place of business in Georgia.[39]  This factor "carr[ies] little weight" given that the nature of Plaintiff's injury does not involve corporate governance and Plaintiff will experience the consequences of the loss of her son in Washington.[40]  The fourth contact also points to Washington because Plaintiff and UPS's relationship arises from the collision that

---

[37] 10 *Del. C.* § 3724(a).

[38] *See Laugelle v. Bell Helicopter Textron, Inc.*, 2013 WL 5460164, at *4 (Del. Super. Oct. 1, 2013).

[39] *Company Facts*, UPS, https://about.ups.com/us/en/our-company/global-presence/corporate-facts.html (last visited Sept. 17, 2025).

[40] Restatement (Second) of Conflicts § 145 cmt. e (1971);  *see also Bell Helicopter Textron, Inc.*, 113 A.3d at 1056;  *Laugelle*, 2013 WL 5460164, at *4.

took place in Washington.[41]  Therefore, the contacts under section 145 clearly point to applying Washington law.

Plaintiff argues that UPS "minimizes" the importance of UPS's place of incorporation in Delaware.[42]  But Plaintiff misconstrues the application of the Restatement test by minimizing the relative importance of the other contacts and section six principles as applied to the specific facts of this case.

For example, in *Bell Helicopter Textron Inc.*, the Delaware Supreme Court reviewed whether Texas or Mexico law applied to a products liability case filed by Mexican citizens acting as the personal representatives of victims that died in a helicopter crash in Mexico from a defective seatbelt.[43]  Although the parties did not suggest Delaware law should be applied, the Court noted that the "only connection" the appellant had to Delaware was that it was incorporated there.[44]  Delaware had "no relationship to the crash" because the appellant had "no operations in Delaware related to the helicopter crash and no conduct in Delaware affected the unfortunate victims other crash."[45]  Similarly, UPS had no operations in Delaware that relate to the crash in Washington, and it was Mr. Ellingford's conduct in Washington that affected the unfortunate victims of the crash, not Delaware.

---

[41] *Bell Helicopter Textron, Inc.*, 113 A.3d at 1056–57 (citing *Turner v. Lipschultz*, 619 A.2d 912, 915 (Del. 1992)).
[42] Resp. to MTD at 9.
[43] *Bell Helicopter Textron, Inc.*, 113 A.3d at 1047–48.
[44] *Id.* at 1048.
[45] *Id.*

Additionally, based on the section 145 contacts, the Court finds that the section six principles favor applying Washington law. Although Delaware has an interest in monitoring the corporate affairs and governance of its corporations, the facts here do no implicate that interest.[46] The Court is not prepared to interfere with Washington's legitimate interest in not only providing a remedy and priority to surviving spouses, partners, and children for wrongful death actions,[47] but also deterring the wrongful conduct of its citizens that leads to such actions.[48] If the Court were to apply Delaware law in the instant case, it would be encouraging forum shopping and inviting out-of-state litigants to avoid the limitations of the laws of their domicile.[49] In conclusion, Washington law applies to specific facts of this case under the more significant relationship test.

## II. PLAINTIFF FAILS TO STATE A CLAIM UNDER WASHINGTON'S WRONGFUL DEATH STATUTE

Applying Washington law, Plaintiff cannot recover under any reasonably conceivable set of circumstances. Under Washington's wrongful death statute,

---

[46] *In re Topps Co. S'Holders Litig.*, 924 A.2d 951, 960, 962 (Del. Ch. 2007) (emphasizing the compelling interest Delaware has in regulating its corporations under Delaware corporate law, but acknowledging that "tort claims against [the defendant] would be much more properly heard" in the state where its principal place of business is located, "irrespective of [its] status as a Delaware corporation.").

[47] Wash. Rev. Code. Ann. § 4.20.020; *Triplett v. Wash. State Dept. of Social & Health Servs.*, 268 P.2d 1027, 1030 (Wash. Ct. App. 2012) (noting that "[t]he statute is inescapably plain[,]" expressly stating that wrongful death claims are for the benefit of spouses partners).

[48] *Johnson v. Spider Staging Corp.*, 555 P.2d 997, 1001–02 (Wash. 1976).

[49] Restatement (Second) of Conflicts § 6 cmt. i (1971).

"[w]hen the death of a person is caused by the wrongful act, neglect, or default of another person, his or her personal representative may maintain an action against the person causing the death for . . . damages sustain by the beneficiaries listed in" Wash. Rev. Code Ann. § 4.20.020.[50] Section 4.20.020 limits the beneficiaries to surviving spouses, domestic partners, and children.[51] Parents of decedents only have a right of action if the decedent is not survived by a spouse, domestic partner, or children.[52]

Plaintiff does not dispute that decedent is survived by his wife and a child. Plaintiff also does not dispute that decedent's wife has brought a wrongful death action under Washington law against UPS and Danny Ellingford based on the same facts set forth in Plaintiff's complaint. Consequently, Plaintiff fails to state a claim upon which relief can be granted as she lacks standing under Washington's wrongful death statute.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED**.

**IT IS SO ORDERED.**

*/s/ Calvin Scott*
Judge Calvin L. Scott, Jr.

---

[50] Wash Rev. Code Ann. § 4.20.010(1).
[51] *Id.* § 4.20.020.
[52] *Id.*